UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Doral
Bank,

    Plaintiff/Counter-defendant.

v.

JOSE A. ACEVEDO-ALFAU, <u>et al.</u>,

    Defendants/Counter-claimants.

CIVIL NO. 15-1712 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

    On January 5, 2011, Doral Bank initiated this action against Jose A. Acevedo, Graciela Fermin-Fermin and the Acevedo-Fermin conjugal partnership for mortgage foreclosure in the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 1-3 at pp. 1-4). Defendants filed a counterclaim against Doral (Docket No. 1-3 at pp. 10-12). On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

    On May 28, 2015, the FDIC-R removed the action to this court under 12 U.S.C. § 1819(b)(2)(B) (Docket No. 1 at p. 1). Before the court is the plaintiff's "Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction" (Docket No. 8). The motion remains unopposed. For the reasons explained below, the FDIC-R's motion is GRANTED and the defendant's counterclaim is DISMISSED. The foreclosure action is dismissed without prejudice of the new holder's reopening the state court case to prosecute said claim.

## I. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II. DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") provides that when the FDIC is acting as a conservator or receiver, it succeeds the insured depository institution as to all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i). Additionally, it establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. § 1821(d)(13)(D). The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). Compliance

with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, the FDIC-R published notice to potential creditors and depositors of Doral in various local newspapers, informing that Doral had been closed, and any claim against the FDIC-R had to be filed with that institution not later than June 4, 2015 (Docket No. 8 at ¶ 5). The FDIC-R also sent defendant a letter on May 14, 2015, indicating the bar date to submit proof of claim. Id. at ¶ 6 and Exh. 1). The letter included instructions on how to complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id.

Counterclaimants, however, failed to submit the corresponding claims with the FDIC-R, such that they failed to comply with the administrative procedure set in 12 U.S.C. § 1821. By extension, the court lacks subject-matter jurisdiction to entertain its claims against the FDIC-R. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995) (holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

### III. CONCLUSION

The FDIC-R's motion is GRANTED and the counterclaim is DISMISSED. The foreclosure action is dismissed without prejudice of the new note holder's reopening the state court case to prosecute said action.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of June, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
